RUTHERFORD *v.* STATE

No. 39913 January 16, 1956 84 So. 2d 522

*Lester F. Sumners,* New Albany, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant was indicted and tried in the Circuit Court of Union County for the murder of Sam (Boy Blue) Pannell. The jury found him guilty as charged but were unable to agree upon his punishment and he was accordingly sentenced to imprisonment for life in the State penitentiary, hence this appeal.

The homicide occurred at night in the City of New Albany, on the 8th day of May, 1954. The scene was in a colored section of the city in the vicinity of three colored cafes. The proof for the State showed substantially the following: The appellant and one Elzora Foster became engaged in a fight. They had cursed each other and the appellant knocked Elzora down and got on top of her and began spanking and beating her. She undertook to kick him off of her, and being unsuccessful in doing so, she drew a long-bladed knife, commonly known as a crab apple switch, which had already been opened in her pocket, and began to cut the appellant until he released her and got up. An examination of the body of the appellant later revealed that he had eight lacerations on his body, one on the front surface of his upper right arm, one on his right temple, one on the inner surface of his right elbow, one on the interior surface of his right arm, one on his right shoulder, one in the middle of his back, and one on his buttocks, the latter two being stab wounds. One witness said that blood was running down the appellant's back when he got off of Elzora. No one else was involved in the fight between the appellant and Elzora. After the appellant released Elzora and got on his feet, he walked a short distance down the alley between the cafes and then turned and came back and inquired as to the whereabouts of Boy Blue, the deceased. Boy Blue was then standing up and leaning with his back against one of the cafe buildings. He had a paper sack in his hands containing two fish sandwiches. Upon seeing Boy Blue,

appellant approached him and asked him if he didn't like it because he had whipped Elzora. Boy Blue replied, "go on man, what's wrong with you?" Thereupon the appellant hit the deceased and the deceased fell backwards to the ground, bleeding from the nose and with a stab wound in his chest that penetrated the chest cavity. The appellant then jumped on him and straddled him and hit him twice on the left side of the face. The appellant then left and got a cab and went to the hospital. At the time the appellant stabbed the deceased, the latter had done nothing to provoke the attack. The stab wound caused the death of the deceased a few minutes later.

There was found in the deceased's pants pockets a knife, a half dollar, two dimes, a nickle and two pennies. The knife was closed. Thus in substance the proof for the State showed that the appellant sought out the deceased, while armed with a pocket knife, and deliberately stabbed him to death without provocation and at a time when he, the appellant, was in neither real nor apparent danger of suffering death or great bodily harm at the hands of the deceased.

The proof for the appellant undertook to establish his claim of self defense, and showed that the deceased stabbed the appellant in the back while he was on top of Elzora and engaged in a fight with her, and that appellant got up and inquired of Boy Blue why he cut him, and that Boy Blue grabbed him and cut him two or three times, and that appellant then drew his knife and stabbed Boy Blue in defense of his life.

 The appellant contends on this appeal that the verdict of the jury is contrary to the overwhelming weight of the evidence and evinces passion and prejudice on the part of the jury. We think this contention of the appellant is not well founded. Under the instructions for the State, the jury may have found the appellant guilty of either murder of manslaughter. The evi-

dence was clearly conflicting and presented an issue of fact for the determination of the jury. The evidence for the State showed a clear case of murder and it was within the province of the jury to either accept it or reject it. ▉▉ The jury chose to accept it, and since the verdict is supported by ample evidence, we are not warranted in disturbing it.

▉▉ The appellant further contends that the trial court erred in refusing to permit the witness, Dr. Shands, to testify as to which of the knives, in his opinion, caused the wounds on the body of the appellant. Dr. Shands stated very frankly in the absence of the jury, that the wounds could have been made by either knife. He further said, "more often you will get an entry into the chest with a long bladed knife like this if applied with the same amount of force as would be applied to this one." The evidence was silent as to the amount of force applied, and in the absence of such evidence it was impossible for the witness to say which of the knives inflicted the wounds. There was no basis, therefore, to support the opinion of the witness, and such testimony as he proposed to give was speculative and of no probative value and was clearly inadmissible, and the trial court was correct in excluding it.

We have carefully reviewed the appellant's complaints as to the instructions and are of the opinion that they were proper under the evidence and that they contained no reversible error.

It follows from what has been said that the judgment of the court below should be and it is affirmed.

Affirmed.

*McGehee,* C.J., and *Hall, Kyle,* and *Gillespie,* JJ., concur.